a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL DEWAYNE AIKENS #21495-035,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-0288 SEC P |
| VERSUS | JUDGE DOUGHTY |
| UNITED STATES MARSHALL'S SERVICE,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Daniel Dewayne Aikens ("Aikens"). Aikens is imprisoned at the United States Penitentiary in Atwater, California. He seeks damages from the United States Marshals Service ("USMS").

Because the USMS is entitled to immunity, the Complaint (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Aikens was convicted of multiple crimes related to homemade bombs and threats of injury and death to victims. *United States v. Aikens*, 1:20-cr-00023 (W.D. La.). His appeal is pending before the United States Court of Appeals for the Fifth Circuit. *United States v. Aikens*, 23-30196 (5th Cir.).

Aikens alleges that the USMS failed to comply with an Order from the District Judge allowing him at least eight hours per day to review discovery and prepare for trial. ECF No. 1 at 3. He seeks compensatory damages for the alleged violation.

## II. Law and Analysis

### A. Aikens's Complaint is subject to preliminary screening.

Aikens is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 12. Therefore, his Complaint is subject to preliminary screening. *See* 28 U.S.C. §§ 1915(e)(2); 1915A; *see also Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. The USMS is entitled to sovereign immunity.

Aikens sues the USMS, which is a federal agency. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Aikens has not identified any consent or waiver of sovereign immunity that would allow him to sue the USMS for damages.

Even if Aikens were allowed to amend the Complaint to name a proper Defendant, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action seeking damages related to that

conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck*, 512 U.S. at 487.

A judgment for damages based on Aikens's alleged inability to adequately prepare for trial implies the invalidity of his conviction. Aikens's appeal is pending in the Fifth Circuit, so his conviction has not been reversed, expunged, or declared invalid. Therefore, Aikens's request for damages is barred by *Heck*. Amendment of the Complaint would be futile.

### III. Conclusion

Because the USMS is entitled to sovereign immunity, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under §§ 1915A and 1915(e)(2).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 19, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE